# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

RE:

JOSE A. ZAMRANA ARROYO
D/B/A ZAMBRANA AUTO SERVICES

Deudor

\* CASO NO. 07-03501-SEK
\*
\* CAPITULO 13

RECEIVED & TENDERED
U.S. Bankruptcy Court

DEC - 8 2009

## RESOLUCION Y ORDEN

A LA HONORABLE CORTE:

Comparece, Beatriz Contreras Pizarro, por cuenta propia, que suscribe y muy respetuosamente ante esta Honorable Corte, **EXPONE, ALEGA Y SOLICITA:**

1. El 10 de octubre de 2008, en esta Honorable Corte, se presentó una Vista del caso epígrafe, en la cual la Hon. Sara de Jesús Kellogg, Jueza de Quiebras, determinó la anulación de la Resolución del 18 de diciembre de 2007 y envía el Caso a los Foros del Departamento de Asuntos al Consumidor, para que se presentara una nueva vista, (se aneja Orden del 16 de octubre de 2008, emitida por la Hon. Sara De Jesús Kellogg).

2. En Resolución emitida el 7 de agosto de 2009, se dilucida por segunda ocasión la Reclamación, por incumplimiento de contrato y por daños por una reparación defectuosa, Querella Núm. 300014947, la cual fue resuelta nuevamente a favor de la Querellante, (Se aneja Resolución).

4. El 11 de agosto de 2009, el Querellado y Deudor el Sr. José A. Zambrana, radica una Reconsideración a esta Resolución (se aneja Reconsideración).

5. El 20 de agosto de 2009, esta suscribiente, radica al Departamento de Asuntos al Consumidor, la Oposición a la Reconsideración del Sr. José A. Zambrana (se aneja la Oposición de Reconsideración).

6. En la Resolución en Reconsideración del 9 de noviembre de 2009, se declara no ha lugar la Reconsideración del Querellado (deudor), la cual mantiene en pleno efecto y vigor la Resolución notificada el 7 de agosto de 2009 (se aneja la Resolución en Reconsideración).

**EN MERITO DE LO ANTERIOR**, muy respetuosamente se solicita a esta Honorable Corte, tome conocimiento de lo antes expresado, se sirva para adjudicar mi reclamación y adjudicación al caso epígrafe y según Orden dictada por la Hon. Sara de Jesús, Jueza de Quiebras.

**CERTIFICO**, haberle enviado copia fiel y exacta del presente escrito, por correo regular a la Lcda. Madelinene Soto Pacheco, Esq., Counsel for Debtor, 702 Calle Unión Apt. G-1, Condominio Unimar, San Juan, P.R. 00907-4202; to Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee and Monsita Lecaroz Arribas, US Trustee, Sr. José A. Zambrana Arroyo, Ave. Nogal IL-29, Urb. Royal Palm, Bayamón, P.R. 00956.

**RESPETUOSAMENTE SOMETIDA,**

En Dorado, Puerto Rico, 7 de diciembre de 2009.

**BEATRIZ CONTRERAS PIZARRO**
RR-4 Buzón 501
Bayamón, P.R. 00956
Tel- (787) 214-5709

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF
JOSE A. ZAMBRANA ARROYO,  FILED & ENTERED  CASE NO.07-03501(SEA)

DEBTOR            1 0 OCT 2008         CHAPTER 13

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

ORDER

For reasons stated in open court today, we find that the
attached "Resolución" entered by the Puerto Rico Department of
Consumer Affairs ("DACO") in complaint number 300014947 filed by
Beatríz Contrearas Pizarro against José Zambrana d/b/a Zambrana
Auto Sales on December 18, 2007, is null and void. It was entered
in violation of the automatic stay. Likewise, all matters in the
mentioned case before DACO that took place after June 25, 2007,
are void.

However, as Ms. Contrearas Pizarro's proof of claim was
allowed, and in order for her claim to be liquidated, José A.
Zambrana Arroyo agreed to the modification of the stay, so that
DACO may once again resolve the dispute between the parties. At
present in this bankruptcy, Debtor must pay unsecured creditors
the liquidation value of his estate. The Trustee has determined
the liquidation value is $79,676. This means that if DACO
resolves the matter in favor of Ms. Contreras Pizarro awarding an
amount similar to the one contained in the Resolución that we
just vacated, in all probability Ms. Contreras will receive a

136

distribution under a plan, that may fully pay her claim of $10,619.62 filed in bnakruptcy.

We Order the Clerk to notify this order to Atty. José Raúl Alió Cortada at his business address contained in Exhibit #2 of docket entry #48, to the Claimant, Beatríz Contreras Pizarro, the Debtor and his Counsel and the Trustee.

So Ordered, in San Juan, Puerto Rico on October 106, 2008. 2008.

SARA DE JESÚS
U.S. Bankruptcy Judge

2



# DACO

## Estado Libre Asociado de Puerto Rico

**Departamento de Asuntos del Consumidor**

Región San Juan, Apartado 41059 Estación Minillas San Juan, Puerto Rico 00940

| | |
|---|---|
| BEATRIZ CONTRERAS PIZARRO | QUERELLA NUM. 300014947 |
| REMI ACOSTA RIOS | |
| Querellante | SOBRE: INCUMPLIMIENTO DE CONTRATO |
| | MECANICA |
| v. | DAÑOS |
| | |
| JOSE ZAMBRANA ARROYO H/N/C | |
| ZAMBRANA AUTO SERVICES | |
| Querellado | |

## RESOLUCIÓN EN RECONSIDERACION

Mediante Resolución notificada y archivada en autos por este Departamento el 7 de agosto de 2009, se declaró ha lugar la presente querella y se ordenó a la firma querellada pagar a la parte querellante la suma de $12,104.25.

Mediante Moción sometida el 11 de agosto de 2009, la parte querellada solicita el relevo de la resolución por falta de notificación para la vista administrativa.

Evaluado el caso ante nos, incluyendo la solicitud del querellado, entendemos, la improcedencia de la misma. Nuestro ordenamiento jurídico ha establecido que es requisito indispensable para la validez del procedimiento administrativo de carácter adjudicativo la notificación de la querella. El incumplimiento con dicho requisito viola el derecho a ser oído, toda vez que forma parte y está ligado a él de manera indisoluble. A través de la notificación se le informa a la parte querellada de las alegaciones en su contra y se le concede la oportunidad razonable para contestar y presentar su caso. Es un requisito elemental del debido proceso de ley. Son dos sus componentes: (1) El derecho a conocer sus garantías, como lo es el derecho a vista; y (2) la notificación adecuada de la celebración de la vista y de las controversias que se dirimirán en ella.[1]

En el presente caso, el querellado alega que no recibió la citación a la vista adminstrativa y que alegadamente se enteró de la misma debido a una llamada

---

[1] Fernández Quiñones, Demetrio, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Forum – Legis S.A., Segunda Edición, página 147

telefónica realizada por el Departamento y que su representante legal desconocía de la referida citación.

Del expediente administrativo surge que la notificación a vista administrativa fue remitida a la dirección de record del querellado y a su abogada Lcda. Teresa M. Lube Capó. Si esa es su representante legal, entendemos que recibió la notificación de la vista, toda vez que la referida citación no vino devuelta por el servicio de correos.

Esta es la segunda ocasión en que se dilucida el presente caso. En la primera ocasión, se emitió una Resolución, declarando ha lugar la reclamación. No obstante, el querellado se acogió a la Ley de Quiebras. Por excepción, el Tribunal de Quiebras remitió el caso para vista administrativa nuevamente ante este Departamento, vista que procedió a celebrar el 11 de julio de 2009 luego de notificar debidamente a las partes según surge del expediente.

En el caso ante nos, se ha garantizado el debido proceso de ley. El querellado ha presentado una reconsideración para tratar de impugnar el procedimiento llevado a cabo en el Departamento. El querellado no ha puesto al Departamento en posición de determinar lo contrario, más aún argumentando que su representante legal no fue notificado; si ese hubiese sido el caso, -entiéndase que el querellado tuviese representación legal-, hubiese sido su representación legal quien radicara la presente reconsideración. Respecto a los demás alegatos, no ha presentado prueba alguna para sostener los mismos por lo que se confirma la Resolución emitida.

En mérito de los antes expresado, y al amparo de las facultades conferidas por la Ley Número 5 del 23 de abril de 1973, según enmendada, este Departamento emite la siguiente:

### ORDEN

Se declara no ha lugar la solicitud del querellado. Por consiguiente, se mantiene en pleno efecto y vigor la Resolución notificada y archivada en autos en el presente caso el 7 de agosto de 2009.

Contra la presente resolución sólo procederá un recurso de revisión ante el Tribunal de Apelaciones, en el término de treinta (30) días a partir de la fecha en que se archiva en autos esta resolución.

En San Juan, Puerto Rico, hoy, *9* de noviembre de 2009.

LUIS GERARDO RIVERA MARIN
SECRETARIO

María A. Marcano De León
Directora Regional

CERTIFICO que hoy _9 JUN 09_ se archivó en autos y se notificó copia de la presente Resolución En Reconsideración a las siguientes personas:

BEATRIZ CONTRERAS PIZARRO
REMI ACOSTA RIOS
RR 4 BZN 501
BAYAMON PR 00956

JOSE A ZAMBRANBA ARROYO
ZAMBRANA AUTO SERVICES
URB ROYAL PALM
AVE NOGAL I L 29
BAYAMON PR 00956-2972

LCDA. TERESA M. LUBE CAPO
702 UNION STREET
APTO. G-1
CONDOMINIO UNIMAR
SAN JUAN, PUERTO RICO     00907-4202

FIRMA: _____

Estado Libre Asociado de Puerto Rico
Departamento de Asuntos del Consumidor
Oficina Regional de Bayamón
Bayamón, Puerto Rico    00960

PB862156
8405 $ 00.440 NOV 12 09
1458 MAILED FROM SAN JUAN PR 00936

BEATRIZ CONTRERAS PIZARRO
REMI ACOSTA RIOS
RR 4 BZN 501
BAYAMON PR 00956



# Estado Libre Asociado de Puerto Rico
### Departamento de Asuntos del Consumidor

| | |
|---|---|
| BEATRIZ CONTRERAS PIZARRO<br>REMI ACOSTA RIOS<br>Querellante<br><br>v.<br><br>JOSE ZAMBRANA H/N/C<br>ZAMBRANA AUTO SERVICES<br>Querellado | QUERELLA NUM. 3000014947<br><br>SOBRE:<br><br>INCUMPLIMIENTO DE CONTRATO DE<br>MECANICA<br>DAÑOS |

## RESOLUCION

Ante nuestra consideración tenemos que dilucidar si procede la reclamación de la parte querellante a los efectos de que se le ordene al querellado pagar cierta suma de dinero a la querellante, por concepto de incumplimiento de contrato así como por daños por una reparación defectuosa.

Resolvemos, luego de aquilatar la prueba obrante en autos, así como el derecho aplicable, la procedencia de la reclamación de la querellante, aunque no por la suma reclamada, toda vez que de la prueba desfilada surge el incumplimiento del querellado con el contrato suscrito.

Conforme a la prueba que desfilada y a la que obra en autos, se formulan las siguientes:

## DETERMINACIONES DE HECHOS

1. El 6 de febrero de 2006 la querellante llevó su vehículo a la firma querellada para la realización de cierta reparación a su vehículo de motor, que consistió en cambio de la bomba de aceite del motor, la correa de distribución, los retenedores, el tensor, los deslizadores; la bomba de agua del motor y las correas del alternador, compresor y *power steering*. Se sacó el *crank* del motor para destapar el cedazo (se sacó el *crank* en seis ocasiones).
2. El vehículo fue entregado a la querellante el 11 de marzo de 2006 reparado.
3. La querellante pagó por dicha reparación la suma de $1,135.50; los cuales se desglosan en $685.50 en piezas y $450.00 en mano de obra; con una garantía de 90 días, según surge de la factura obrante en autos como anejo a la querella. Según



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 2*

surge de la factura, el vehículo tenía recorridas 98,091 millas y se le recomendó cambiar el aceite de motor mensualmente o cada mil millas recorridas.

4. De esa factura, no surge el diagnóstico del vehículo y/o las razones por las cuales debía hacerse esa reparación; entiéndase si es por mantenimiento regular o por alguna condición que mostrara el referido vehículo. No obstante, del testimonio de la querellante surge que la condición y/o fallo que presentaba el motor era que la luz del aceite se encendiera mientras el motor estaba encendido.

5. Las reparaciones realizadas, aparte del reemplazo de la bomba de aceite, -pieza que era la que causara se encendiera la referida luz-; fueron por recomendaciones del referido taller, por mantenimiento y/o forma preventiva ya que había evidencia de desgaste.

6. A los dos días de entregado el vehículo, la querellante llevó nuevamente el vehículo a las facilidades de la firma querellada, toda vez que el vehículo funcionaba vago y como aguantado y continuaba encendiendo la luz del aceite y/o del *check engine*.

7. La firma querellada recibió el vehículo representando y haciendo creer a la querellante que lo repararía al amparo de la garantía otorgada y sin costo adicional.

8. En la firma querellada le desmontaron el plenum y los covers de válvulas para lavar y destapar la parte superior del motor (tapas de bloque).

9. El vehículo fue entregado reparado el 29 de marzo de 2006. En esa ocasión, la firma querellada realizó la siguiente reparación: desmontar el plenum y los casquillos de válvulas para lavar y destapar la parte superior del motor; e instaló 2 juntas de los covers de válvulas, espares, filtro de aceite y aceite de motor.

10. Por el referido trabajo la querellante pagó la suma de $356.00 y se le ofreció 90 días de garantía. La querellante pagó dicho trabajo confiando en que no presentaría el vehículo mas fallos.

11. Según la factura emitida por la firma querellada, se le recomendó nuevamente cambiar el aceite y filtro de motor cada mil millas o mensualmente, así como hacer un tune up (cambio de filtro de gasolina, del aire, cablería y limpieza de inyectores).

12. Transcurrido el tiempo y mientras la querellante utilizaba el vehículo, este comenzó a fallar (específicamente un fuerte ruido en el motor) hasta que se apagó el mismo.

13. La querellante reclamó al querellado lo sucedido y este se comprometió a inspeccionar el vehículo.

14. No obstante, transcurrido el tiempo y al ver que el querellado no acudía a ver el vehículo, la querellante optó por llevar su vehículo en grúa a las facilidades de la firma querellada el 12 de agosto de 2006 a través de Tito's Towing Service.

15. El 14 de agosto de 2006, la querellante llevó el vehículo a las facilidades de la firma querellada para un chequeo por fallo del motor; el vehículo se puso lento, según la factura emitida por la firma querellada.

16. Días después recibe comunicación de la firma querellada donde le informaron que el vehículo de motor se había esbielado.



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 3*

17. La firma querellada no asumió responsabilidad por dicha condición y se negó a reparar en garantía.

18. La presente querella fue radicada el 15 de agosto de 2006. En la misma, la parte querellante alegó haber contratado los servicios de la firma querellada el 6 de febrero de 2006 para la reparación de su vehículo de motor marca Mitsubishi, modelo Nativa del año 2001 debido a que tenia encendida la luz indicadora de aceite. Inicialmente se determinó que había que cambiarle la bomba de aceite y otros servicios, siendo la unidad entregada reparada el 11 de marzo de 2006. Alega la querellante que pagó la suma de $1,135.00 y a los dos días de entregado el vehículo, surgió nuevamente el problema por el cual fue llevado a reparar. El vehículo fue entregado el 29 de marzo de 2006, habiendo pagado la querellante la suma de $356.00 adicionales. Según los alegatos de la querella, el vehículo se esbieló en junio de 2006, notificando de ello a la firma querellada. La firma querellada quedó en inspeccionar el vehículo, pero incumplió con ello. La querellante para el 12 de agosto de 2006, llevó el vehículo en grúa a las facilidades de la firma querellada por lo que pagó $70.00 y hasta la fecha de la radicación de la querella, la unidad estaba en las facilidades de la firma querellada. Según la querella, la firma querellada le informó el 14 de agosto de 2006 que entre las opciones que tenia era reemplazar el motor, reparar el motor completo o recoger la unidad sin reparar. Alega la querellante que la unidad sufrió daños en el referido taller y que el querellado alega que el término de la garantía expiró, aunque la querellante ha reclamado dentro del término de la garantía. Solicitaba como remedio la reparación completa sin cobro adicional o que el querellado pague el costo de la reparación completa o lo que proceda en derecho.

19. El 29 de noviembre de 2006, el Sr. Luis F. Vega, Investigador de Querellas de Automóviles del Departamento, inspeccionó la unidad objeto de la presente reclamación y emitió el correspondiente informe.

20. Del referido informe se desprende que el vehículo, al momento de la inspección, tenía 102,975 millas recorridas y que el mismo tenía un ruido en la parte baja del motor, filtración de aceite por el área derecha del *manifold* y la luz del *check engine* encendida. Según el referido informe, al momento de la inspección le faltaba aceite al motor, el cual fue restituido por el esposo de la querellante y tenía la batería agotada.

21. El referido informe no fue objetado por las partes, por lo que se entiende estipulado.

22. El 3 de julio de 2007, la querellante enmendó la querella para informar que la unidad presentó nuevos problemas: que por necesidad de transportación la querellante compró un auto usado por la suma de $2,800.00, lo que solicita se le reembolse por parte del querellado ya que su unidad permanece sin reparar; que se le paguen los gastos de abogado y peritaje con la relación a la unidad en cuestión; que se reembolsen todo el dinero pagado al banco (las mensualidades desde agosto de



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 4*

2006); costo del motor nuevo e instalación del mismo; deterioro del vehículo por estar si usarse, se paguen los daños; se paguen todos los días que no pudo acudir a trabajar ya que no tenia transportación; indemnización por daños y perjuicios; gastos de grúa y renta de auto.

23. La querellante pagó a Tito's Towing Services la suma de $70.00 por concepto de remolque desde Dorado a Bayamón, el 12 de agosto de 2006, según surge de la factura 0207; pagó la $35.00 el 15 de agosto de 2006 por remolque del vehículo desde Ave Nogal en Lomas Verdes, Bayamón, hasta Cerro Gordo, según surge de la factura 02841[1]; pagó $70.00 el 29 de noviembre de 2006 por concepto de remolque desde Cerro Gordo hasta Zambrana Auto Service ida y vuelta, según surge de la factura 02206.

24. Luego de múltiples trámites procesales se celebró la vista administrativa el 1 de julio de 2009. A la referida vista compareció la parte querellante, por derecho propio, acompañada del Sr. Salvador López Cardec, Perito, del Sr. Edward Miranda, testigo. La firma querellada no compareció ni excusó su incomparecencia a pesar de haber sido debidamente citado, por lo que se procedió con la anotación de rebeldía y la continuación de los procedimientos en su ausencia.

25. A la fecha de la vista administrativa, la parte querellante reclama que el querellado devuelva el dinero pagado por las reparaciones realizadas en el referido taller, asuma el costo de la reparación del referido vehículo, así como reembolse a la querellante el dinero pagado por concepto de financiamiento del referido vehículo por el tiempo en que estuvo sin usarlo, costos de perito, honorarios de abogado y por las ausencias a su trabajo por falta de transportación.

26. Según el testimonio del Perito de la parte querellante, el motor tiene daños internos por donde pasa la lubricación; al encenderlo se escucha un ruido en los lifters, luz de presión de aceite encendida, mucho liqueo de aceite y humareda por el lado izquierdo; polea del alternador mutilada y/o dañada).

27. La conclusión del referido perito, luego de evaluar las facturas de los trabajos realizados vis a vis las condiciones del vehículo, la firma querellada realizó un diagnóstico deficiente e incompleto los cuales no dieron con las causas precisas de los fallos que presentaba dicho motor, ni la magnitud de la condición que tenía; por lo que las reparaciones realizadas no corrigieron el mismo.

28. El problema principal del referido vehículo era fallos internos en el motor por problemas de lubricación.

29. Al no diagnosticar adecuadamente la condición del motor, esto provocó que el mismo se esbielara completamente, por lo que según el testimonio pericial, hace necesario reemplazar el motor.

30. Los fallos mostrados por el vehículo que provocaron que se esbielara fueron dentro del periodo de garantía de la ultima reparación.

---

[1] Esto ante la negativa del querellado en reparar en garantía.



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 5*

31. La querellante se vio privada del uso de su vehículo desde junio de 2006 hasta el 15 de agosto de 2006 donde decidió adquirir un segundo vehículo para transportarse. Este vehículo fue adquirido del Sr. Harry Santiago Santiago, específicamente adquirió un vehículo de motor marca Ford, modelo Explorer del año 1998 por la suma de $2,800.00, según surge de un recibo a esos efectos, copia del cual obra en autos.

32. El vehículo objeto de la presente reclamación estaba financiado a través de un contrato de ventas al por menor a plazos suscrito con First Bank.

33. La querellante reclama el reembolso de las mensualidades pagadas por el referido vehículo aunque no ha podido ser usado, por la negativa de la firma querellada a responder por la referida reparación.

34. La querellante reclama la suma de $8,032.00 por dicho concepto. No obstante, surge que dicha suma fue estipulada entre First Bank y la querellante en una acción de cobro de dinero llevada a cabo por la referida entidad, bajo el numero de caso CD07-2586, ante un incumplimiento de la querellante con el contrato de ventas al por menor a plazos, según surge de una Estipulación firmada por las partes el 11 de enero de 2008.

35. Según una copia de la libreta de pagos, la querellante debía pagar la suma de $578.00 mensuales por concepto del referido financiamiento. No obstante, no podemos determinar, cuando se empezó a incumplir el contrato suscrito de financiamiento con la referida entidad.

36. La querellante se vio en la necesidad de contratar un perito automotriz para demostrar las causas de los serios defectos y/o daños manifestados en el vehículo después de la intervención de la firma querellada.

37. A la fecha de la vista administrativa, el vehículo de motor está en posesión de la querellante sin reparar.

38. A la fecha de la vista administrativa, el querellado no ha respondido a los reclamos de la querellante para que asuma su responsabilidad por la reparación.

39. Aunque la querellante alegó que se tuvo que ausentar ciertos días a su trabajo por falta de transportación y proveyó ciertas copias de hojas de asistencia, de las mismas no se desprende que se ausentara por falta de transportación y/o las razones de las ausencias.

40. Tampoco presentó evidencia de los ingresos dejados de devengar, si algunos, por dichas ausencias, si estuviesen relacionadas a la falta de transportación alegada.

41. La firma Bebo & Mike Auto en Toa Baja emitió un estimado de reparación y/o reemplazo del motor del vehículo en cuestión ascendente a $9,938.02, según surge del Invoice 34321 emitido el 22 de abril de 2009.

A base de lo antes expuesto, este Departamento, formula las siguientes:



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 6*

## CONCLUSIONES DE DERECHO

El contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa, o prestar algún servicio, esto según se desprende de nuestro Código Civil.[2]

Los contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las circunstancias que según su naturaleza, sean conforme a la buena fe, al uso y a la ley.[3]

Cuando los contratos son válidos y legales, son la ley entre las partes y deben cumplirse al tenor de sus términos. El artículo 1044 del citado Código[4] obliga a las partes a cumplir estrictamente lo contratado; es por eso que la validez y el cumplimiento de los contratos no pueden dejarse al arbitrio de uno de los contratantes.[5]

De otro lado, nuestro ordenamiento jurídico ha establecido que el incumplimiento parcial o total de las obligaciones a las que se han obligado las partes, sujetará las mismas a las sanciones que a esos efectos provee el Código Civil[6].

En el presente caso, las partes suscribieron un contrato de servicios, donde el querellado se comprometió a diagnosticar y reparar cierta condición en el motor del vehículo de la querellante, específicamente la razón por la que prendía la luz del aceite, a cambio de un precio cierto. Reclama la parte querellante que la firma querellada, incumplió el contrato, toda vez que a pesar de dos intervenciones en el motor por la misma condición, no diagnosticó adecuadamente lo que tenia, lo que a su vez provocó que el motor del vehículo finalmente se esbielara, dejando a pie a la querellante y provocando, alegadamente una serie de daños. Debemos determinar qué relación, si alguna, tiene esa intervención con los alegatos de la querellante, así como debemos determinar si los daños alegados están relacionados al referido servicios.

-ii-

La prueba desfilada en este caso demostró que la parte querellante cumplió su obligación de pagar la totalidad del precio por los servicios del querellado y la firma querellada realizó la reparación y/o los servicios contratados, aunque no de forma

---

[2] Artículo 1206 del Código Civil de Puerto Rico, 31 LPRA 3171.
[3] Artículo 1210 del citado Código.
[4] 31 LPRA 2994
[5] Artículo 1208 del Código Civil
[6] Art. 1044 el Código Civil, 31 LPRA 1994; <u>Cervecería Corona</u> v. <u>Commonwealth Ins. Co.</u>, 115 DPR 345 (1984).



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 7*

satisfactoria, toda vez que con su intervención, en vez de corregir la condición original que tenía, provocó graves problemas de funcionamiento posterior a su intervención, los cuales culminaron con que el motor se esbielara. Es decir, no advirtió que el motor, por las condiciones en que se encontraba, con su uso, podría esbielarse. Más aún surge de las mismas facturas del querellado que debió destapar el cedazo en seis ocasiones. Es decir, que conocía las condiciones en que estaba el motor y debió prevenir que por las mismas, el motor debía tener daños mayores, los cuales, finalmente llevaron el vehículo a esbielarse, según se desprende de la determinación de hechos número (1).

Más aún, a pesar de los reclamos de la querellante de que el querellado verificara el motor toda vez que continuaba con las mismas condiciones alegadasa, así como corrigiera las condiciones provocadas por su intervención, el querellado no respondió a la querellante, aún conociendo la condición del vehículo, lo que ha provocado que desde agosto de 2006 hasta la fecha de la vista, el vehículo esté inoperante. No podemos decir que la querellante ha estado desprovista de transportación toda vez que esta adquirió un vehículo de motor para su uso, lo que será discutido en adelante.

De la prueba admitida y del testimonio del Sr. Salvador Lopez, a quien este Departamento da entera credibilidad, entendemos que las reparaciones y/o intervenciones de personal de la firma querellada, en vez de corregir el problema que tenía el vehículo original, crearon problemas adicionales que afectaron el funcionamiento del motor, así como agravaron las condiciones del mismo al incurrir en un diagnostico o evaluación incompleto y/o incorrecto. La firma querellada no pudo determinar adecuadamente la condición del motor, lo que llevó a que el mismo, finalmente se esbielara. Esa condición hace necesaria una reparación y/o reemplazo del referido motor. Por consiguiente, podemos concluir que la parte querellada, ha sido negligente en el cumplimiento de sus obligaciones contractuales. Entiéndase por negligencia, la omisión de aquella diligencia que exija la naturaleza de la obligación y corresponda a las circunstancias de las personas, del tiempo y del lugar[7]. Era responsabilidad de la firma querellada reparar el vehículo del querellante, siendo ello su obligación principal. Al no reparar satisfactoriamente, ha incumplido con el contrato de servicios, como hemos expresado.

En ese caso, cuando una parte ha incumplido la obligación contraída, la otra parte tiene derecho a escoger entre exigir el cumplimiento estricto o la resolución de la obligación.[8] El perjudicado podrá escoger entre el cumplimiento específico o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en

---

[7] Art. 1057 del Código antes citado, 31 LPRA 3021.
[8] Art. 1077 del Código Civil de Puerto Rico, 31 LPRA 3052



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 8*

ambos casos. De otro lado, nuestro ordenamiento jurídico, en esos casos ha establecido que lo que procedente en derecho es que si el obligado a hacer alguna cosa no la hiciere, se mandará ejecutar a su costa[9]. Igualmente sucederá, si lo hiciere contraviniendo la obligación adquirida. Además, podrá decretarse que se deshaga lo mal hecho.[10] En el caso ante nos, el querellante solicita la resolución del contrato con la concesión de daños. Veamos.

-iii-

Este Departamento tiene amplios poderes para conceder como remedio la indemnización de daños probados que hayan sido causados por la omisión de la parte querellada.[11] Para que prospere una acción en daños en nuestra jurisdicción, es preciso que el [querellante] demuestre, por preponderancia de prueba, la realidad del daño sufrido, la existencia de un acto u omisión negligente y, además, el elemento de causalidad. La suficiencia, contundencia o tipo de prueba presentada, así como el valor que los tribunales le darán, dependerá, naturalmente, de las circunstancias particulares de cada caso de conformidad con nuestro derecho probatorio. Sin embargo, la prueba presentada deberá demostrar que el daño sufrido se debió con mayores probabilidades a la negligencia que el demandante imputa. Se requiere, además, que la relación de causalidad entre el daño sufrido y el acto negligente no se establezca a base de una mera especulación o conjetura.[12]

El foco de atención al otorgar una compensación es la indemnización del daño sufrido y no la imposición de castigo alguno a quien incurre en conducta antijurídica.[13] Los daños deben fijarse a base de la pérdida sufrida por la persona y no a base de la importancia del derecho envuelto.[14] Del mismo modo, para que una acción en reclamación de daños y perjuicios por incumplimiento de contrato pueda prosperar, no basta con que el actor demuestre el incumplimiento de la obligación por el deudor, sino que precisa, además, que pruebe la existencia real y positiva de los daños causados, pues de no ser así, perdería la indemnización su natural carácter adquiriendo el de sanción penal[15].

---

[9] Artículo 1051 del citado Código, 31 LPRA 3015.
[10] Id.
[11] Quiñónes Irizarry v. San Rafael Estates, S.E., 143 DPR 53 (1997)
[12] Alberto O. Bacó v. Almacén Ramón Rosa Delgado, Inc., 2000 TSPR. 111; Castro Ortiz v. Mun. de Carolina, 134 D.P.R. 783, 793 (1993); Rodríguez Crespo v Hernández, 121 DPR 639, 649-650 (1988). III
[13] Amadeo Murga, Antonio J., *El Valor de los Daños en la Responsabilidad Civil*, Tomo I, Editorial Esmaco, Primera Edicion, 1997, página 28
[14] Memphis Community School District v. Stachura, 477 US 299 (1986), según citado en el libro de la nota al calce número 23, específicamente a la página 77.
[15] Pérez v. Sampedro, 86 DPR 526 (1962).



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 9*

En primera instancia, la querellante solicitó daños causados por el incumplimiento contractual, según hemos señalado anteriormente. En este caso, hemos determinado que el querellado ha sido negligente para con los servicios contratados habiendo pagado la querellante la suma de $1,491.00[16] por las reparaciones, por lo que debe este reembolsar a la querellante la referida suma por concepto de daño contractual.

De otro lado, parte de los daños causados es la necesidad de reparar y/o reemplazar el referido motor, confirmado por el testimonio pericial de la querellante. Según el estimado presentado por el querellante, la reparación de las condiciones de dicho motor, ascienden a $9,938.02. Al amparo del ordenamiento jurídico antes expresado, procede que el querellado, se responsabilice de pagar la referida suma, toda vez que es necesario remplazar el motor que este intervino de forma negligente.

De otro lado, la querellante pagó la suma de $175.00 por concepto de transportación en grúa del referido vehículo, tanto a las facilidades de la firma querellada para gestiones de reparación, como para la inspección, según se desprende de la determinación de hechos número (23). En este caso, procede reembolsar dicha suma de dinero a la parte querellante por ser gastos necesarios.

En cuanto a daños adicionales, específicamente respecto al sueldo dejado de devengar y/o las ausencias a su trabajo al no estar provista de transportación, al no ser probados o alegados con especificidad, nada podemos disponer al respecto. Más aún, véase que la querellante, en aras de mitigar daños, adquirió un vehículo de motor en agosto de 2006. La doctrina de mitigación de daños, establece el deber que tiene una persona que sufre perjuicios de adoptar aquellas medidas razonables pertinentes y a su alcance, tendentes a reducir el monto de los mismos.[17] Por lo tanto, con esta acción, la querellante cumplió con su deber legal de mitigar daños. De otro lado, de la documentación sometida en la vista administrativa no se desprende que las ausencias a su trabajo estén directamente relacionadas a los hechos de la presente querella, específicamente a la falta de transportación, por lo que no podemos conceder suma alguna al respecto.

De igual forma, debemos aplicar lo anterior a la reclamación de pago de las mensualidades del referido vehículo. Aunque la querellante no ha podido hacer uso de su vehículo ante la negativa de la firma querellada en responder en la reparación del mismo, no podemos conceder cuantía alguna por las mensualidades pagadas o no

---

[16] Vease determinacion de hechos número 3 y número 10

[17] Fresa-O-Baking Co., Inc., Etc. v. Molinos de Puerto Rico, Inc. y Dafco Credit Bureau, Inc., 103 DPR 509 (1975, citando a Cía. Fomento Industrial v. León, 99 D.P.R. 633 , 647 (1971); Stella v. Municipio, 76 D.P.R. 783 , 796 (1954); Palmer v. Barreras, 73 D.P.R. 278 , 286 (1952); Ortiz v. McCormick Steamship Co., 57 D.P.R. 560 , 566 (1940); y López v. American Railroad Co. of P.R., 50 D.P.R. 1 , 30 (1936).



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 10*

pagadas por la querellante. Véase que de la prueba surge que la entidad financiera del vehículo, llevó a cabo una acción de cobro de dinero a la querellante por incumplimiento con los pagos mensuales. Es decir, la querellante incumplió su responsabilidad de pagar las mensualidades correspondientes. No pudiéndose determinar desde que fecha la querellante incumplió con el referido contrato, no podemos adjudicar responsablemente alguna suma por ese concepto.

De otro lado, aunque la parte querellante reclamó en su enmienda a la querella, daños y angustias mentales, sin menoscabar los alegatos del querellante, entendemos que ésta no ha puesto en posición al Departamento de conceder suma alguna por ello.

Véase que el proceso ante el Departamento es un procedimiento sumario, que requiere que el querellante establezca la certeza de sus alegaciones ante el foro judicial, en forma afirmativa y con preponderancia, antes de trasladar el peso de la prueba al querellado. Almodóvar v. Asociación Condominio los Pinos, *97TCA205, Sentencia del 31 de marzo de 1997.*

Igualmente, el Artículo 1168 del Código Civil de Puerto Rico, 31 LPRA 3261, establece que el que exige el cumplimiento de una obligación tiene el peso de la prueba para demostrar la existencia de esa obligación. Asimismo, la Regla 10(A) de las de Evidencia, 32 L.P.R.A. Ap. IV R.10, establece que el peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por ninguna de las partes. Por consiguiente, si la parte sobre la cual recae el peso de la prueba deja de presentar evidencia para probar su alegación, la parte contraria debe ser liberada de responsabilidad. Castillo Rivera v. Auto Summit Co. *2001TCA314, Sentencia 9 de febrero de 2001.*

Recapitulando, basado en el expediente ante nos, así como en la prueba admitida y obrante en autos, no podemos conceder suma adicional por concepto de daños, a los ya concedidos, toda vez que no fueron probados.

Respecto a las costas y honorarios de abogados debemos establecer lo siguiente.

-iv-

La Regla 26.3 del Reglamento de Procedimientos Adjudicativos de este Departamento establece que: "El funcionario que presida la vista podrá imponer a la parte perdidosa el pago de costas y honorarios de abogados. El procedimiento se regirá



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 3000I4947*
*Resolución*
*6 de agosto de 2009*
*Página 11*

por lo dispuesto en la Regla 44 de la Ley de Procedimiento Civil de Puerto Rico de 1979, según enmendada."[18]

Según la Regla antes citada, las costas proceden a favor de quien se resuelva el pleito y las mismas podrán concederse en cuanto a los **gastos necesariamente incurridos en la tramitación de un pleito** o procedimiento que la ley ordena o que el foro determine, a su discreción, estime que un litigante debe rembolsar a otro.

Nuestro ordenamiento jurídico ha establecido que la imposición de honorarios de abogado es discrecional.[19] La imposición de honorarios de abogado por temeridad tiene el propósito de penalizar "al litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito"[20].

Existirá temeridad cuando: (1) en la contestación a la demanda se niegue responsabilidad, pero ésta se acepte posteriormente; (2) la parte demandada se defienda injustificadamente de la acción; (3) se crea que la cantidad reclamada es exagerada y esa sea la única razón para oponerse a los reclamos del demandante y no admitir responsabilidad, pudiendo limitar la controversia a la fijación de la cantidad

---

[18] En lo pertinente reza de la siguiente forma:

**Regla 44.1 Las costas y honorarios de abogados:**

    (a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. <u>Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe rembolsar a otro.</u>

    (b) *Cómo se concederán.* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento y consignará que según el leal saber y entender del reclamante o de su abogado, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiere impugnación, el tribunal aprobará el memorándum de costas, y podrá eliminar cualquier partida que considere improcedente, luego de conceder al solicitante la oportunidad de justificar la misma. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnar las mismas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Circuito de Apelaciones mediante *certiorari* a ser librado a su discreción, y de ningún otro modo. La revisión de la resolución deberá tramitarse conjuntamente con cualquier otro recurso que haya sido establecido contra la sentencia y en caso de que no se establezca recurso alguno podrá siempre recurrirse de la resolución sobre costas.

    (c) ...

    (d) ... (énfasis nuestro)

[19] <u>Fernández v. San Juan Cement</u>, 118 DPR 713 (1987) citando a <u>Raluan Corp. v. Feliciano</u>, 111 DPR 598 (1981).

[20] <u>Domínguez Vargas v. Great American Life Assurance Company of Puerto Rico, Inc.</u>, 2002 TSPR 104.



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 12*

reclamada; (4) el demandado se arriesgue a litigar un caso del que se surja a todas luces su responsabilidad; y (5) cuando se niegue un hecho cuya certeza le consta a quien hace la alegación[21]. El grado o intensidad de la conducta temeraria o frívola es el factor determinante para fijar la cuantía de los honorarios de abogado.

La imposición de honorarios de abogado por temeridad tiene el propósito de penalizar "al litigante perdidoso que por su terquedad, obstinación, **contumacia e insistencia en una actitud desprovista de fundamentos**, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito"[22] (énfasis nuestro).

En el presente caso, no procede la imposición de costas de abogados a favor de la querellante debido a que a la fecha de la vista administrativa no tenia abogado. Tampoco presentó evidencia de gastos relacionados a este concepto.

Respecto a los honorarios de abogado, en el caso ante nos, no se dan los elementos establecidos en nuestro Ordenamiento Jurídico para determinar que el querellado ha actuado temerariamente, según ante definido. Véase que ni siquiera ha comparecido al Departamento a defenderse en la causa de acción. Por consiguiente, siendo ello algo discrecional, en el caso ante nos, no concederemos suma alguna por ese concepto.

-V-

Respecto a las costas de perito, la misma, no es automática a favor de la parte victoriosa en el pleito. Debemos evaluar la naturaleza y utilidad de la intervención del perito, a la luz de los hechos particulares del caso, al pasar juicio sobre si procede o no el pago. La parte reclamante tiene el deber de demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría[23].

En el presente caso, el testimonio pericial de la parte querellante fue uno que concluyó la relación causal entre los daños existentes y el trabajo realizado. Es decir, comprobó, más allá de toda duda que la condición del vehículo actual fue causada por la negligencia de la parte querellada. Por consiguiente, procede conceder la suma de $500.00 por concepto de costas de peritos.

---

[21] <u>Blas Toledo v. Hospital Guadalupe</u>, 146 D.P.R. 267, 336 (1998); Fernández v. San Juan Cement Co., Inc., *supra*.

[22] <u>Dominguez Vargas v. Great American Life Assurance Company of Puerto Rico, Inc.</u>, *supra*. 

[23] <u>Rodríguez Cancel v. A.E.E.</u>, 116 DPR 443 (1985)



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 13*

-vi-

Por otro lado, respecto a la rebeldía impuesta a la parte querellada, la Ley de Procedimiento Administrativo Uniforme[24], la cual regula el procedimiento adjudicativo para las agencias administrativas, establece el parámetro a seguir en el proceso de la debida notificación a las partes, en cuanto a la celebración de las vistas administrativas. A tales efectos, se dispone cuando procede el que agencia imponga la anotación de rebeldía.

> *"Si una parte debidamente citada no comparece a la conferencia con antelación a la vista, a la vista o cualquier otra etapa durante el procedimiento adjudicativo, el funcionario que presida la misma **podrá declararla en rebeldía** y continuar el procedimiento sin su participación, pero notificará por escrito a dicha partes su determinación, los fundamentos para la misma y el recurso de revisión disponible."*[25]

La notificación enviada al querellado, no fue devuelta por el correo, presumiéndose que la misma fue recibida en su momento, con antelación a la vista administrativa. En la notificación para vista administrativa, el querellado fue apercibido sobre la anotación de rebeldía y la concesión del remedio solicitado de no comparecer. Aun así, el querellado no envió excusa alguna sobre su incomparecencia, ni llamó para excusar la misma. La prueba estableció sin duda alguna que el querellado nunca compareció ante este Departamento, no contestó la querella y no compareció a la inspección y vistas citadas. Su indiferencia para con este Departamento ameritó la imposición de la Rebeldía.

En vista de lo antes expuesto y al amparo de las facultades concedidas por la Ley Núm. 5 de 23 de abril de 1973, según enmendada, este Departamento emite la siguiente:

## ORDEN

*Se ordena a la firma querellada, José Zambrana h/n/c Zambrana Auto Services a que en el termino de treinta (30) días contados a partir de la fecha de notificación de la presente Resolución, compense a la parte querellante con la suma de __$12,104.52__[26]*,

---

[24] Ley 170 de 12 de agosto de 1988, según enmendada

[25] id, sección 3.10

[26] Desglosados de la siguiente forma: $1135.50 de la primera reparacion; $356.00 de la segunda reparacion; $175.00 por concepto de gastos de grúa; $9,938.02 por concepto de estimado de reparación y $500.00 por concepto de perito.



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 14*

*por concepto de incumplimiento de contrato y daños contractuales; así como por el reembolso de gastos incurridos según determinado en la Resolución, más los intereses legales correspondientes en caso de incumplimiento. Se deniega el resto de la reclamación por los fundamentos antes expuestos.*

Se apercibe a la parte querellada que de no cumplir con lo ordenado en la resolución, este Departamento podrá impone una multa administrativa de hasta diez mil dólares ($10,000) y se tomará la acción legal correspondiente para el cobro de la misma. El pago de la expresada multa no le relevará de cumplir con todo lo ordenado en la presente resolución. Este Departamento solicitará el auxilio del Tribunal de Primera Instancia para hacer cumplirla.

Aquella parte afectada por la presente Resolución podrá solicitar al Departamento una Reconsideración de la misma, en el plazo de veinte (20) días contados a partir de la fecha de archivo en autos de dicha resolución. En la alternativa, la parte afectada podrá acudir directamente al Tribunal de Apelaciones en revisión judicial, dentro del término de treinta (30) días del archivo en autos de la resolución emitida. Los términos comprendidos en los presentes apercibimientos se computan basándose en días naturales.

Si la parte afectada opta por solicitar la reconsideración de la resolución emitida, dicha solicitud deberá ser por escrito, consignándose claramente la palabra reconsideración como título y en el sobre de envío. La misma será remitida a la siguiente dirección: **OFICINA REGIONAL DE BAYAMON, PO BOX 1498, BAYAMON PUERTO RICO, 00960.** Copia de dicha solicitud deberá ser enviada a la otra parte. De no hacerlo así, la presente resolución advendrá final y firme.

Si el Departamento dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los quince (15) días de recibida, se considerará rechazada de plano por lo cual, el término de treinta (30) días para solicitar revisión judicial al Tribunal de Circuito de Apelaciones comenzará a contar a partir de ese momento.

Si el Departamento tomase alguna determinación sobre la moción radicada, el término para solicitar revisión judicial empezará a contarse desde la fecha en que se archivó en autos una copia de la notificación de la resolución de la agencia, resolviendo definitivamente la moción cuya reconsideración fue solicitada. Dicha resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la reconsideración. De lo contrario, la agencia perderá jurisdicción sobre dicha solicitud de reconsideración y el término para solicitar revisión judicial empezará a contarse nuevamente a partir de la expiración del plazo de noventa (90) días, salvo que el Departamento por justa causa y previo al vencimiento del término de noventa días,



*Beatriz Contreras y otro v. José Zambrana h/n/c Zambrana Auto Services*
*Querella Núm. 300014947*
*Resolución*
*6 de agosto de 2009*
*Página 15*

prorrogue dicho término por un período que no excederá de treinta (30) días adicionales.

En Humacao, Puerto Rico, hoy, 6 de agosto de 2009.

Lcdo. Luis G. Rivera Marín
Secretario

Lcda. Maria Marcano
Directora Regional

Vickmary Sepúlveda Santiago
Juez Administrativo

### NOTIFICACION

CERTIFICO que hoy 7 agosto 2009 se archivó en autos copia de la presente Resolución y de haber enviado copia de este documento a las siguientes personas:

BEATRIZ CONTRERAS PIZARRO
REMI ACOSTA RIOS
RR 4 BZN 501
BAYAMON PR 00956

LCDA TERESA M. LUBE CAPO
702 UNION ST
COND UNIMAR APT G 1
SAN JUAN PR 00907-4202

JOSE A ZAMBRANA ARROYO
ZAMBRANA AUTO SERVICES
URB ROTAL PALM
AVE NOGAL I L 29
BAYAMON PR 00956-2973

FIRMA

DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
OFICINA REGIONAL DE BAYAMON
PO BOX 1498
BAYAMON PR 00960



UNITED STATES POSTAGE
PB 8621561
169 $01.120 AUG 07 09
8404 00936
4895 MAILED FROM SAN JUAN, PR

BEATRIZ CONTRERAS PIZARRO
REMI ACOSTA RIOS
RR 4 BZN 501
BAYAMON PR 00956

QUERELLANTE:

BEATRIZ CONTRERAS PIZARRO

QUERELLADO:

JOSE ZAMBRANA ARROYO
ZAMBRANA AUTO SERVICES

QUERELLA NÚMERO:

300014947

SOBRE:

REPARACION DEFECTUOSA

## OPOSICION A RECONSIDERACION

HONORABLE DEPARTAMENTO:

**COMPARECE** la parte Querellante, Beatriz Contreras Pizarro, que suscribe y respetuosamente **EXPONE Y SOLICITA:**

1. En la Orden y Notificación del 18 de mayo de 2009, se notificaron a las siguientes partes: Beatriz Contreras Pizarro, Querellante, Lcdo. Enrique Santos Carrucini, representante legal de la Querellante, Sr. José A. Zambrana Arroyo, Querellado y a la Lcda. Teresa M. Lube Capo, Abogada de Quiebras del Querellado a sus respectivas direcciones, certificando su envió según se desprende en la Notificación, remitida por correo el 19 de mayo del 2009 (anejo copia). En el expediente no se identifica ninguna otra representación legal del Sr. Zambrana. Lo que se entiende se notificaron correctamente todas las partes.

2. En la Vista Administrativa celebrada el 1ro de julio de 2009, no se encontró ninguna notificación devuelta, lo que la Hon. Vickmary Sepulveda Santiago, Juez, en el caso epígrafe y en este Departamento, concluyó que todo estaba en orden y que Departamento de DACO cumplió con antelación el envió de las respectivas notificaciones.

3. El mismo día de la Vista al no presentarse el Sr. Zambrana a la hora pautada para la vista, la recepcionista del Departamento "DACO" procedió a localizarlo vía telefónica a su lugar de trabajo la cual el personalmente respondió, la recepcionista le indicó que estaba citado para ese día y que la Hon. Juez, dispuso un tiempo considerable para que se presentara, lo cual le indicó a la recepcionista que no se asistiría.

4. Sin interponer lo que el Sr. Zambrana expone en la reconsideración, que él es quién cuida a su hijo diariamente en el taller de mecánica, con un padecimiento de insuficiencia en sus pulmones, y que **no fue notificado nuevamente**, no se excusó con este Hon. Departamento a pesar de haber sido apercibido de la misma, lo que procedió a la anotación de rebeldía, según Resolución del 6 de agosto de 2009.

5. Según lo expuesto en la reconsideración del Sr. Zambrana, le señalo lo siguiente, los cambios de aceite que se le realizaran al vehículo mensual, como el índico el Sr. Zambrana en su factura, se hicieron fuera de su taller, es algo simple que se puede realizar en cualquier estación que brinde este servicio. No era obligatorio realizarlo en el mismo. Por lo tanto, es irrelevante su alegación ya que el vehículo había sido "reparado en su totalidad" según el Sr. Zambrana y indicó el cambio de aceite mensual como mantenimiento, los cuales se efectuaron. El causal del desperfecto del vehículo se manifestó en el transcurso de dos (2) meses y medio, donde aun la labor del Querellado estaba en garantía (90 días de garantía).

6. El 29 de noviembre del 2006, según inspección del Sr. Luis Vega, Inspector de Querellas de DACO, se desprende lo siguiente, ruido en la parte baja del motor, filtración de aceite por el área derecha del manifold y luz de "Check Engine" encendida, según NOTIFICACION DE INFORME DE TECNICO, los mismos se presentaron a consecuencia de reparación deficiente por ser una de las partes del vehículo donde el Sr. Zambrana intervino. El señalamiento del Querellado en la Reconsideración es incongruente ya inspector de DACO, no hizo señalamiento final por la cual el vehículo se hubiera dañado, solo señaló lo antes mencionado, tampoco mencionó nada que relacionado con la labor realizada por el Sr. Zambrana, contrario a lo sostenido por el r. Zambrana (se aneja copia de la Notificación del Informe del Inspector).

7. El Inspector también señaló que le faltaba aceite al momento de la inspección, si en transcurso de los dos meses después de la entrega del vehículo, no se podía detectar ninguna insuficiencia en el aceite ya que se reemplazada nuevo cada mes, al tercer mes fue que el auto presento el desperfecto y el fuerte liqueo, cuando aun no se le hacia el tercer cambio porque aun no le tocaba el reemplazo, por tal razón al momento de la inspección el inspector encontró que le faltaba un cuarto y medio (1 ½ ) de aceite el cual fue restituido por mi esposo al momento y se encontraba sin batería, porque la guagua desde que se le notificó al Sr. Zambrana por primera vez del daño del vehículo, siempre se traslado en grúa y al no prenderse y transcurrido un tiempo razonable para la inspección la batería se agotó lo que tampoco fue el causal del daño.

8. En la anterior Resolución del 18 de diciembre de 2007, que expidió este Departamento y firmada por el Hon. Juez Ángel L. Rodríguez Alvelo, resuelta a mi favor, fue devuelta y anulada por la Corte Federal de Quiebras para celebrarse otra vista, por que fue radicada fuera de término. Según evidencia presentada se probó que al Departamento de DACO ni a mi persona se nos informó de que el Sr. Zambrana hubiese radicado la Quiebra, por lo tanto, el Departamento de DACO prosiguió con la Vista. A pesar de que se presentó prueba de que el Sr. Zambrana, si fue notificado debidamente por este Departamento, alegó en la Vista que se llevo a cabo Corte Federal de Quiebras el 10 de octubre de 2008, que nunca fue notificado por DACO, de ningún asunto relacionado con esta Querella, (Anejo Orden de la Corte Federal de Quiebras).

9. El 6 de agosto de 2009, la Hon. Juez Vickmary Sepulveda Santiago, resuelve el caso, luego de aquilatar toda la prueba presentada, de la cual se desprende el incumplimiento del Sr. Zambrana.

10. Por haberle concedido el derecho que le correspondía al Querellado en alegar sus argumentos en dos ocasiones, anotado en las anteriores Resoluciones la rebeldía por su incomparecencia, por haber probado y refutado en todas sus partes el mal manejo del Sr. Zambrana, en cuanto a la reparación del vehículo y por el derecho aplicable que me corresponde por incumplimiento de contrato, reparación defectuosa, tomando en consideración el tiempo que lleva este caso en litigio (desde el año 2006), más todos los daños, sufrimientos e inconvenientes que me ha causado, solicito tomen en consideración la oposición de reconsideración.

**POR TODO LO CUAL,** **SUPLICO** a este Honorable Departamento que **DENIEGUE** de plano la Reconsideración del Querellado y de por finalizado este caso y poder radicar mi reclamación a la Corte Federal de quiebras, según Orden del 16 de octubre de 2008, expedida por la Hon. Sara De Jesús, U.S. Jueza de Quiebras.

**Respetuosamente sometido,** en Bayamón, Puerto Rico, 20 de agosto de 2009.

**CERTIFICO:** Haber enviado copia fiel y exacta del presente escrito al Sr. José Zambrana Arroyo h/n/c/ Zambrana Auto Services a, Ave. Nogal IL-29, Urb. Royal Palm, Bayamón, P.R. 00956-2972.

Beatriz Contreras Pizarro
RR-4 Buzón 501
Bayamón, P.R. 00956
Tel: (787) 214-5709

José Zenteno  caso # 3000014947

Agosto 11 2009

Asunto: Reconsideración

Por la presente solicito muy respetuosamente la reconsideración para este caso por unas razones:

1. La cita para el día de la vista nunca me llegó.

2. El día de la cita se comunicaron con mi persona para que asistiera y expliqué que mi abogado no tenía conocimiento de la cita

3. El día de la cita estaba en mi lugar de trabajo donde cuido mi hijo diariamente que es dependiente de un congreso de oxígeno para una deficiencia en sus pulmones y no podía venir en el momento

4. El día de la inspección del vehículo en el taller de inspección de SACO encontró que el auto nunca se trajo para los cambios de aceite especificados, le faltaba aceite, tenía poca de aceite y observó que la labor hecha por mi parte estaba bien hecha, había pasado el tiempo de garantía especificado en la factura y estaba firmado por el cliente.

Por estas razones les pido que reconsideren este caso.

José Zenteno.
787-785-1217
787-592-0791

2009 AUG 11  AM 9:57

RECORD  OFFICE
OFICINA REG. PONCE

7009 1410 0000 1204 6287

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE.

**CERTIFIED MAIL™**

José Zabar
Pbc. Abbay DL 29
Royal Palm Bay. PR
00956

00956/96253

8/13

SAN JUAN

11 AUG 200

Navajo Jewelry
2¢

USA 42

Beatriz Cintrons
274.360 501
Bay. PR
00956

0003324I-01

$5.10

00956

0001

U.S. POSTAGE
PAID
BAYAMON, PR
00959
AUG 11, 09
AMOUNT

UNITED STATES POSTAL SERVICE



# DACO

## Estado Libre Asociado de Puerto Rico

Departamento de Asuntos del Consumidor

Región Bayamón, Apartado 1498 Bayamón, Puerto Rico 00960

| | | |
|---|---|---|
| **QUERELLANTE:** | * | **QUERELLA NUMERO:** |
| | * | |
| Beatríz Contreras Pizarro | * | 300014947 |
| | * | |
| | * | |
| **QUERELLADO:** | * | **SOBRE:** |
| | * | |
| José Zambrana h/n/c | * | Reparación Defectuosa |
| h/n/c Zmbrana Auto Services | * | y Daños |
| | * | |

### NOTIFICACION

Del expediente del presente caso surge que por error el mismo fue citado a una Vista Administrativa a celebrarse el lunes 23 de marzo de 2009 a las 9:00 A.M. sin habernos percatado que dicho día era uno oficial ( Día de la Abolición de la Esclavitud ) en el cual las Agencias del Gobierno de Puerto Rico incluyendo este Departamento no trabajan. Procede dejar sin efecto dicho señalamiento y citar el caso para otra fecha.

Por todo lo cual y bajo las facultades que le confiere la Ley Núm. 5 del 23 de abril de 1973, según enmendada, este Departamento procede a emitir la siguiente:

### ORDEN

Se deja sin efecto la Vista Administrativa citada en el presente caso para el lunes 23 de marzo de 2009 a las 9:00 A.M. y en su lugar se traslada y reseñala para el **miércoles 22 de abril de 2009 a las 9:00 A.M.** en la misma Oficina Regional del DACO en Bayamón.

En Bayamón, Puerto Rico a *19* de marzo de 2009.

LUIS GERARDO RIVERA MARIN
SECRETARIO

Angel L. Rodríguez Abelo
Juez Administrativo

REMITIDO POR CORREO HOY 19 DE marzo DE 09

CERTIFICO: Que en esta misma fecha se archivó en Autos y se envió por correo copia de la presente **NOTIFICACION Y ORDEN** a las siguientes personas:

Beatríz Contreras Pizarro
RR-4 Buzón 501
Bayamón, Puerto Rico      00956

Lcdo. Enrique Santos Carrucini
Box 8658
Bayamón, Puerto Rico      00960

José A. Zambrana Arroyo
h/n/c Zambrana Auto Services
Ave. Nogal IL-29
Urb. Royal Palm
Bayamón, Puerto Rico      00956-2972

Lcda. Teresa M. Lube Capó
702 Union Street
Apt. G-1
Condominio Unimar
San Juan, Puerto Rico      00907-4202

FIRMA: _____

Estado Libre Asociado de Puerto Rico
Departamento de Asuntos del Consumidor
Oficina Regional de Bayamón
Bayamón, Puerto Rico    00960

138
8473 $00.420  PB8621561
4997 MAILED FROM SAN JUAN PR    00936
UNITED STATES POSTAGE
MAR 19 09

Beatriz Contreras Pizarro
RR-4 Buzón 501
Bayamón, Puerto Rico    00956

Estado Libre Asociado De Puerto Rico
**DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR**
Oficina Regional de Bayamón
Apartado 1498
Bayamón, Puerto Rico  00960

| | | |
|---|---|---|
| QUERELLANTE: | * | QUERELLA NUMERO: |
| | * | |
| Beatríz Contreras Pizarro | * | 300014947 |
| | * | |
| | * | |
| QUERELLADO: | * | SOBRE: |
| | * | |
| José A. Zambrana Arroyo | * | Reparación Defectuosa |
| h/n/c Zmbrana Auto Services | * | y  Daños |
| | * | |

## NOTIFICACION Y ORDEN

A tenor con lo acordado entre las partes de epígrafe en el Tribunal de Quiebras y en el caso Núm. 07-03501 ( SEA ) In The Matter José A. Zambrana Arroyo –Debtor y con la Orden emitida en dicho caso por la Honorable Juez de dicho Tribunal Sara De Jesús el 16 de octubre de 2008,  se cita a las partes de epígrafe a una Vista Administrativa a celebrarse el **23 de marzo de 2009 a las 9:00 A.M. en la Oficina Regional del DACO en Bayamón** localizada en el Edificio Santander, 2do. Piso, Carr. 167, Esq. Carr. #2, Bayamón, Puerto Rico.

En Bayamón, Puerto Rico a $5$ de  febrero  de 2009.

LUIS GERARDO RIVERA MARIN
SECRETARIO DESIGNADO

Angel L. Rodríguez Alvelo
Juez Administrativo

REMITIDO POR CORREO HOY  $6$  DE  febrero  DE  2009

CERTIFICO: Que en esta misma fecha se archivó en Autos y se envió por correo copia de la presente **NOTIFICACION Y ORDEN** a las siguientes personas:

RECEIVED

FEB 1 0 2009

Beatríz Contreras Pizarro
RR-4 Buzón 501
Bayamón, Puerto Rico      00956

Lcdo. Enrique Santos Carrucini
Box 8658
Bayamón, Puerto Rico      00960

José A. Zambrana Arroyo
h/n/c Zambrana Auto Services
Ave. Nogal IL-29
Urb. Royal Palm
Bayamón, Puerto Rico      00956-2972

Lcda. Teresa M. Lube Capó
702 Union Street
Apt. G-1
Condominio Unimar
San Juan, Puerto Rico      00907-4202

FIRMA:

Estado Libre Asociado de Puerto Rico
Departamento de Asuntos del Consumidor
Oficina Regional de Bayamón
Bayamón, Puerto Rico    00960

* * *    P B 8 6 2 1 5 6 1
1 7 2
8 4 2 3  $ 00.440  M A Y  1 9  0 9
9 2 5 8  MAILED FROM SAN JUAN PR    0 0 9 3 6
UNITED STATES

Beatríz Contreras Pizarro
RR-4  Buzón  501
Bayamón, Puerto Rico    00956

00956+9525